IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JERRI YOUNT                                                  PLAINTIFF

               v.                 Civil No. 13-3013

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jerri Yount, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her applications for DIB and SSI on July 30, 2004, alleging an onset date April 5, 1999, due to fibromyalgia, carpal tunnel syndrome, chronic obstructive pulmonary disease, anxiety disorder, depression, and a pain disorder associated with psychological factors. Tr. 11, 59-61, 83-84, 90, 128-129, 139-155, 163-169, 178, 182-184, 193-199. For DIB purposes, Plaintiff maintained insured status through September 30, 2004. Her applications were denied initially and on reconsideration. An administrative hearing was held on November 9, 2006,

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

resulting in a partially favorable decision on February 28, 2007. Tr. 11-20, 465-507, 512-529. Plaintiff appealed the decision to this Court in 2009, and the matter was remanded on June 2, 2009. Tr. 550-558. A supplemental hearing was held on June 15, 2012. Tr. 752-789. Plaintiff was present and represented by counsel.

At the time of the supplemental hearing, Plaintiff was 53 years old, possessed a high school education and an Associate's Degree in electronics. Tr. 547. Plaintiff had past relevant work ("PRW") experience as an electronics technician, molder in a plastics factory, inspector, and cook. Tr. 19, 99-106, 130-137, 176-177, 178-182.

On October 16, 2012, the ALJ found Plaintiff's degenerative disk disease ("DDD"), mood disorder, fibromyalgia, diabetes mellitus, and chronic obstructive pulmonary disease ("COPD") to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 514-516. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except

> the claimant can occasionally climb, balance, crawl, kneel, stoop and crouch. She must avoid concentrated exposure to pulmonary irritants. She can understand, remember, and carry out simple, routine, and repetitive tasks. She can respond to the usual work situations and routine work changes. She can respond to supervision that is simple, direct and concrete. She can occasionally interact with supervisors, co-workers and the public.

Tr. 516. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a machine tender, assembler, and inspector/checker. Tr. 528. However, on March 24, 2009, Plaintiff's age category changed to an individual closely approaching advanced age. Applying

the Medical-Vocational Guidelines, the ALJ concluded that Plaintiff was disabled as of March 24, 2009. Tr. 527.

Subsequently, Plaintiff filed this cause of action. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A),

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the

4

claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).

The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the ALJ concluded that Plaintiff could perform the physical requirements of sedentary work limited only by her ability to occasionally climb, balance, crawl, kneel, stoop and crouch. However, the medical evidence of record indicates that Plaintiff suffered from a bulging central disk at the C6-7 level, DDD of the cervical spine, and a bony bar with protrusion on the left. Tr. 378, 677, 740, 783. This resulted in consistent diagnoses of post-traumatic fibromyalgia with radicular left arm pain. Plaintiff also exhibited 12 to 16 of the 18 trigger points associated with fibromyalgia. Trigger points were documented in the neck, shoulder girdles, cervical spine, dorsal and lumbar paraspinals, presacral (tailbone), SI joints,

5

greater trochanters, knees, and the upper and lower medials. Tr. 413-414, 665-666, 668-671, 681-685, 705-708, 709-711, 738-739.

On August 13, 2012, Plaintiff underwent a general physical examination, during which the doctor concluded that she would have moderate to severe limitations on maintaining prolonged positions involving her neck and moderate to severe limitations with prolonged exertion. Tr. 746-751. The examination also revealed a limited range of motion in Plaintiff's shoulders, cervical spine, and lumbar spine. However, these limitations were not taken into account in the RFC. And, a review of the positions identified by the vocational expert as being positions Plaintiff could perform would all require either frequent or constant reaching, handling and fingering, as well as the ability to hold the neck in one place for prolonged periods of time. *See* DICTIONARY OF OCCUPATIONAL TITLES, §§ 673.685-042, 713.687-026, 726.684-050, www.westlaw.com. Accordingly, we find that remand is necessary to allow the ALJ to include all of Plaintiff's limitations in the RFC determination.

**V.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of May 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE